# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1966 | **DATE** | 9/23/2002 |
| **CASE TITLE** | Christine Champlin et al. Vs. Burlington Northern etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to transfer is denied without prejudice to its renewal. Status hearing reset to October 16, 2002 at 9:15am. Status hearing set for September 26, 2002 at 9:15am. is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 02 SEP 25 AM 8:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE CHAMPLIN and CHARLIE B. )
ROMSTAD, as joint personal representatives of )
the estate of STELLA RIEHL, deceased, )
)
         Plaintiffs, )
)
vs. ) No. 02 C 1966
)
BURLINGTON NORTHERN SANTA FE )
CORPORATION, a corporation, THE )
BURLINGTON NORTHERN AND SANTA FE )
RAILWAY COMPANY, a corporation, )
HERZOG CONTRACTING CORPORATION, )
a corporation, and NATIONAL RAILROAD )
PASSENGER CORPORATION, a corporation )
d/b/a AMTRAK, )
)
         Defendants. )

DOCKETED
SEP 2 5 2002

## MEMORANDUM OPINION AND ORDER

An Amtrak train derailed near Nodawey, Iowa, on March 17, 2001, and Stella Riehl, a Colorado resident, was fatally injured. The suit was brought here. Because Illinois has no relationship to the accident three of the four defendants move to transfer the case to Colorado or the Southern District of Iowa. That motion is, for now, denied, but without prejudice to its renewal.

The Northern District of Illinois has precious little to do with this litigation other than that the train originated in Chicago and a National Transportation Safety Board safety engineer, Cyril E. Gura, who is a or the signatory on several reports, lives here. The origin of the trip is, however, undisputed and irrelevant, and Mr. Gura could presumably be called upon to go anywhere. But no other place is self-evident as the most convenient place to try the

10

case. The jury will have to know something about Stella Riehl, as part of plaintiffs' damage case, and that probably requires testimony from a person or persons from Colorado, but plaintiffs are apparently prepared to bring people here for that purpose. The 241 passengers and the crew are from all over, but it is very uncertain that any of them need to testify. Plaintiffs' case does not rest on whether there had been a rough or bumpy ride. The rescue workers would appear to add nothing. It is undisputed that the train derailed and Riehl was killed.

It is apparently undisputed that the train derailed because a replacement rail fractured. Perhaps the testimony of those who installed the rail will be relevant, but that is questionable. Plaintiffs do not appear to claim negligent installation. Rather, they claim that the rail was defective. The pieces of the rail were sent to Washington, D.C. and are now in Kansas.

This case may well end up as a battle of experts opining why the rail fractured. It is too early to tell. Perhaps this district is a convenient place because of its being a transportation hub. Or perhaps our preliminary views are misguided, and a number of witnesses from Iowa will be necessary. Until, however, we have a better understanding of the actual disputes, and with what evidence the parties will seek to resolve those disputes, we cannot say that the case should be transferred.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

Sept. 23, 2002.