# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1966 | **DATE** | 4/29/2004 |
| **CASE TITLE** | CHRISTINE CHAMPLIN, et al vs. BURLINGTON NORTHERN SANTA FE CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. We conclude that Colorado law should be applied to determine compensatory damages.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 30 2004 | |
| ✓ | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHRISTINE CHAMPLIN and )
CHARLIE B. ROMSTAD, as joint )
personal representatives of the estate of )
STELLA RIEHL, deceased, )
)
       Plaintiffs, )
)
vs. ) No. 02 C 1966
)
BURLINGTON NORTHERN SANTA )
FE CORPORATION, a corporation, )
et al., )
)
       Defendants. )

**DOCKETED**
APR 3 0 2004

## MEMORANDUM OPINION AND ORDER

The defendants seek to have recovery in this death action governed by Colorado, rather than Illinois or Iowa, law. Plaintiffs claim that compensatory damages should be decided under Iowa law. We conclude that Colorado law should be applied to determine compensatory damages.

Choice-of-law determinations are not mechanistic, as Cortes v. American Airlines, Inc., 177 F.3d 1272 (11th Cir. 1999), *cert. denied*, 528 U.S. 1136 (2000), vividly illustrates. The framework for decision is well set out in Schoeberle v. United States, 2000 WL 1868130 (N.D. Ill.), *objections overruled*, 2001 WL 293085, however, and need not be repeated here.

The parties agree that Illinois choice-of-law principles take us away from Illinois, either to Iowa or Colorado. Nor is there any question that Iowa law controls liability issues. Both the conduct causing the injury, and the injury itself, centers in Iowa. But the decedent was domiciled in Colorado and had been for 35 years. She owned property in Iowa, but she also

owned property in Colorado, and the value of none of the properties is affected by a conflicts determination. Two of the decedent's beneficiaries live in Colorado. At the time of her death her son, the third of the beneficiaries, lived in Iowa, but it is not at all clear that was his domicile. He was temporarily in Iowa to care for his ill uncle and intended to return to Colorado upon his uncle's death. His uncle died two days before his mother. Immediately prior to his mother's death he had every intention of returning to Colorado soon, as he thought his uncle was dying, and it was his mother's death that changed his circumstances.

Iowa has little interest in the relief afforded to non-residents, and the decedent and two of the beneficiaries were non-residents. The other beneficiary was a resident and perhaps a domiciliary of Iowa, and he remains a resident. But we do not think that is enough to shift the most significant relationship with respect to compensatory damages from Colorado to Iowa. Colorado has made a policy decision about what it considers to be the fair balance between recovery for wrongful death and the burdens on whoever is liable, and we conclude that governs.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 29, 2004.